IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **CHARLES GENE ROGERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:06CV350 |
| | ) | |
| **JOHN T. BULLOCK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

Plaintiff Charles Gene Rogers, a prisoner of the State of North Carolina, brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials deprived him of his constitutional rights during classification and disciplinary proceedings and with regard to food served to him while he has been in maximum custody. Defendants have responded to the complaint and have filed a motion for summary judgment. (Pleading No. 31.) Plaintiff Rogers has responded in opposition to the motion for summary judgment.

### **Plaintiff's Complaint, Amending Petition, and Second Amended Complaint**

Plaintiff Rogers proceeds *pro se*, and his filings with the Court may best be characterized as voluminous, repetitive, and sometimes confused and confusing. Nonetheless, Plaintiff is capable of making the gist of his complaints clear enough, and he has displayed an ability to adequately represent himself. The lack of clarity of some of his

filings makes it imperative that the Court identify precisely what claims are fairly presented in this action.

First, the Court notes that only the original Complaint, the "Amending Petition," and the Second Amended Complaint are the controlling pleadings of Plaintiff in this case. (Pleading Nos. 1, 4, 9.) All of these documents have been served upon the Defendants, and the Court specifically authorized the filing of the Second Amended Complaint. The Court has not granted leave for Plaintiff's "Supplement" (Pleading No. 7) and does not do so now in view of the fact that Defendants were never served with this document, and this case is now well advanced, with a summary judgment motion ready for decision. Similarly, the Court at this time **DENIES** leave to amend with respect to Plaintiff's Third Amended Complaint (Pleading No. 43) and his "Supplement" (Pleading No. 45). These attempted late amendments would interject new issues beyond the scope of the pleadings that have controlled this action to this date.

Having determined that Plaintiff's original Complaint, his Amending Petition, and his Second Amended Complaint are the operative pleadings of Plaintiff, the Court must construe the claims made by the *pro se* Plaintiff.

As noted at the outset, Plaintiff Rogers alleges that the Defendants, all of whom are prison officials, deprived him of his constitutional rights during classification and disciplinary proceedings and with regard to certain conditions of confinement he has experienced after being reclassified to maximum custody. As Defendants, Plaintiff has

named John T. Bullock, Superintendent at Hoke Correctional Institution; Don Wood, Superintendent at Scotland Correctional Institution; Boyd Bennett, Director of the Division of Prisons; George Kenworthy, Superintendent at Lumberton Correctional Institution; and Mary Lu Rogers, Manager of Classification and Technical Support of the Division of Prisons.

Plaintiff Rogers alleges that Defendant Bullock violated his rights when he ordered that Plaintiff be referred to the Director's Classification Committee on November 7, 2005, on the basis of false and fabricated allegations that Plaintiff had assaulted inmate Jeff James. Plaintiff says that, by the actions of Defendant Kenworthy, he was denied the right to present evidence at the classification hearing. On November 15, when Defendant Bullock and others allegedly presented false evidence to the Classification Committee, Plaintiff had not been charged with any prison disciplinary offense. Plaintiff was assigned by the Classification Committee to maximum custody for 180 days "based on recently display of assaultive behavior." (Pleading No. 1, Compl. ¶ V.) Plaintiff alleges that Defendant Bullock violated his rights by assigning him to maximum custody when he had not yet been charged with assaultive behavior or convicted of a disciplinary offense.

Thereafter, on November 18, 2005, Plaintiff *was* charged with a prison disciplinary offense of assault on inmate Jeff James with a weapon. This charge was based upon a confidential informant's statement. Plaintiff alleges that Defendant Bullock denied Plaintiff a full investigation of the disciplinary charge, and denied him the right to obtain witness

statements to refute the reliability of the evidence against him. Plaintiff Rogers also alleges that he was denied an impartial investigation and an impartial hearing officer. On November 23, he was found guilty without having had the opportunity to present evidence. Plaintiff further alleges that he was tried more than once for the same disciplinary offense, and his right to be free of double jeopardy was therefore violated. *Id.*

On December 23, he was transferred to maximum custody. He says that the food he has been served does not meet basic nutritional standards. He says his food is often spoiled and the food tray is sometimes dirty. He states that he does not receive the proper 2500 calorie diet and he is given a jelly product that says that it may be hazardous to his health. Plaintiff says that he has notified Defendants Wood and Bennett of these violations of his rights but they have taken no action. *Id.*

For relief, Plaintiff asks that he be granted more than $10,000 in damages against each Defendant in the Defendant's individual capacity, and additionally seeks punitive damages against Defendants Kenworthy and Rogers. He seeks injunctive relief in the form of release from maximum custody and restoration of all privileges that would have accrued to him had he not been "framed" at the classification and disciplinary hearings. (Compl. ¶ VI; Pleading No. 4, "Amending Petition.")

## **Non-dispositive Motions before the Court**

Before the Court turns to consideration of Defendants' motion for summary judgment, several pending non-dispositive motions and related matters should be addressed. Plaintiff

Rogers has filed motions wherein he seeks discovery or an order compelling discovery. (Pleading Nos. 21, 23, 28.) These motions are all **DENIED** in view of the fact that the Court has already entered a protective order (Pleading No. 44) staying all discovery until the Court reviews Defendants' motion for summary judgment and their assertion of qualified immunity.

Further, the *pro se* Plaintiff has filed several paperwritings that are not contemplated by the federal rules of civil procedure, and these shall be, and hereby are, **STRICKEN**. These include "Plaintiff's Memorandum of Law in Opposition to Defendants' Answer" (Pleading No. 34); "Plaintiff's Reply to Defendants' Reply to Plaintiff's Summary Judgment Response" (Pleading No. 39); and Plaintiff's Affidavit in support of his reply to Defendants' reply (Pleading No. 40). None of these pleadings are provided for in the federal or local rules, and all represent repetitive arguments that are improper. Similarly, Plaintiff's "Notification of Retaliatory Acts" (Pleading No. 42) is **STRICKEN** since it is neither a motion nor an otherwise permitted filing. Plaintiff's second memorandum in opposition to Defendants' motion for summary judgment (Pleading No. 48) is **STRICKEN** since no permission was given to Plaintiff to file a second argument. Finally, Plaintiff's motion for an "Order to Show Cause for a Preliminary Injunction" (Pleading No. 47) is **DENIED** since the Court now has before it, and now adjudicates, the merits of Plaintiff's claims.

Despite the fact that Plaintiff has filed a number of non-cognizable filings, and the fact that these are now stricken, it remains true that the central issues raised by Plaintiff's

complaint, as amended, have been fully addressed by both sides. Accordingly, the Court will proceed with review of Defendants' motion for summary judgment.

### **Defendants' Motion for Summary Judgment**

A party is entitled to judgment as a matter of law upon a showing that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. A genuine issue as to such facts exists if the evidence forecast is sufficient for a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In evaluating a forecast of evidence on summary judgment review, the court must view the facts and inferences reasonably to be drawn from them in the light most favorable to the nonmoving party.

When the moving party has carried its burden, the nonmoving party must come forward with evidence showing more than some "metaphysical doubt" that genuine and material factual issues exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A mere existence of a scintilla of evidence is insufficient to circumvent summary judgment. *Anderson*, 477 U.S. at 252. Instead, the nonmoving party must convince the court that, upon the record taken as a whole, a rational trier of fact could find for the

-6-

Case 1:06-cv-00350-PTS    Document 50    Filed 09/14/07    Page 6 of 12

nonmoving party. *Id*. at 248-49. Trial is unnecessary if "the facts are undisputed, or if disputed, the dispute is of no consequence to the dispositive question." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993).

### A. Reclassification Claims

Plaintiff's first set of legal claims arises from his November 2005 custody reclassification to maximum security. Plaintiff alleges that Defendant Bullock violated his rights by referring his case to the Classification Committee based upon false allegations. He also alleges that Defendant Kenworthy denied him a fair hearing by preventing him from presenting all of his evidence and argument at the committee meeting. He appears to allege that a violation of his rights was caused by Defendants Kenworthy and Bullock because he was reclassified on the basis of assaultive behavior, yet at the time of his reclassification to maximum custody, he had not yet been charged with a prison disciplinary infraction for assaulting inmate Jeff James.

These allegations, even assuming their truth, fail to support a cognizable claim under § 1983. Reclassification of an inmate requires due process procedural safeguards only if state regulations create a protected interest. *See Hayes v. Thompson*, 726 F.2d 1015 (4th Cir. 1984). A protected interest is created only if the applicable regulations use "explicitly mandatory language" in connection with establishment of "specific substantive predicates." *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). It is well established that reclassification decisions within the North Carolina prison system are "discretionary administrative acts in

-7-

which an inmate obtains no liberty interest under North Carolina law." *O'Bar v. Pinion*, 953 F.2d 74, 84 (4th Cir. 1991).

Accordingly, all of Plaintiff's allegations regarding his reclassification to maximum custody in November 2005 are insufficient as a matter of law to raise a cognizable constitutional claim. Defendants' motion for summary will be granted as to claims based upon Plaintiff's reclassification.

### B. Disciplinary Proceeding Claims

In a prison disciplinary proceeding initiated November 23, 2005, Plaintiff was found guilty of the disciplinary offense of assaulting another inmate. His punishment included the loss of forty days of earned "good time" in compliance with Department of Correction authorized disciplinary punishments. (Pleading No. 32, Br. in Supp. of Defs.' Mot. for Summ. J., Ex. A, § .0204(a).) Plaintiff's due process claim with respect to the disciplinary proceeding against him is based upon allegations that he was denied an investigation of the disciplinary charge, and the hearing officer denied him the right to obtain witness statements to refute the reliability of the confidential informant who had given a statement implicating Plaintiff in the assault. Plaintiff alleges additionally that he was "denied an impartial investigation" and was denied an "impartial hearing officer." He says that he "was found guilty by the disciplinary hearing officer without Plaintiff having the right to presented [sic] evidence in his favor to prove his innocence of the assault offense on inmate James." (Compl. ¶ V.)

In moving for summary judgment, Defendants argue that under the authority of *Edwards v. Balisok*, 520 U.S. 641 (1997), Plaintiff's due process claim with respect to his disciplinary conviction is not cognizable under section 1983 because his allegations clearly call into question the validity and accuracy of his disciplinary conviction, yet Plaintiff has not alleged or shown that his conviction has previously been invalidated by state or federal authorities.

On review, the Court finds that this defense is well-taken. Since Plaintiff Rogers' allegations call into question the validity of his disciplinary conviction, even though he seeks only monetary damages and not a restoration of his good time credits, he must demonstrate before proceeding in this damage action that his conviction has been set aside. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner's section 1983 claim is not cognizable if a judgment in favor of the prisoner would necessarily imply the invalidity of his criminal conviction. In *Balisok*, the Court extended *Heck* and held that a prisoner's claim that calls into question the validity of a prison disciplinary proceeding that results in a loss of good time credits is not cognizable if the prisoner cannot show that the disciplinary conviction has been set aside on direct review or through available remedies.

Plaintiff Rogers' claim clearly challenges his underlying guilt and calls into question the validity of his disciplinary conviction for assaulting another inmate. Like the plaintiff in *Balisok*, Plaintiff Rogers alleges that he was not given an opportunity to present evidence. Further, as in *Balisok*, Plaintiff alleges that the hearing officer was partial and biased. *See*

*Balisok*, 520 U.S. at 646-47. These allegations place Plaintiff's claim squarely within the reach of *Balisok*, and result in a conclusion that Plaintiff's section 1983 claim regarding his disciplinary conviction is not cognizable and should be dismissed.[1]

### C. Food Claims

Plaintiff has also alleged that certain conditions of his confinement in maximum custody have violated his Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff says that the food he is served does not meet basic nutritional standards and that his food tray is sometimes dirty. He says that he does not receive 2500 calories per day and that a jelly product he was given says that it may be hazardous to his health. Plaintiff says he has notified Defendants Wood and Bennett of these circumstances, but they have taken no corrective action.

In their Amended Answer (Pleading No. 27), Defendants present the threshold defense to this claim that Plaintiff Rogers failed to properly exhaust administrative remedies before bringing this section 1983 claim. The record shows that this action was filed on April 13, 2006.[2] Exhibits C and D to the Amended Answer establish that the prison

---

[1] Plaintiff also appears to allege a double jeopardy claim, but the verified factual showings made by Defendants show that there is no factual predicate for such a claim; nor has Plaintiff shown a legal basis for such a claim with regard to prison disciplinary proceedings.

[2] The Clerk stamped the Complaint "filed" on April 13, 2006. Plaintiff signed the Complaint on April 3, 2006, and that date may be the operative filing date of the Complaint by reason of the "mailbox rule" regarding prisoner filings. The difference in the two dates is immaterial with regard to Defendants' defense of lack of exhaustion by Plaintiff.

grievances that Plaintiff filed regarding his diet and food tray were initiated by Plaintiff on April 19, 2006 (Grievance No. 4860-C06-154) and July 20, 2006 (Grievance No. 4860-C06-259). These grievances were finally closed by administrative action on May 25, 2006 and August 9, 2006, respectively.

It is well established that a prison inmate may not bring a section 1983 action challenging a condition of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has specifically held that a prisoner must fully exhaust administrative remedies "before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). A court entertaining a prisoner section 1983 action must look to the time of the filing of the complaint, not the time the court is rendering a decision, to determine if proper exhaustion has occurred. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Applying these authorities, the Court finds that the record shows that Plaintiff Rogers had not exhausted his administrative remedies regarding his food claims at the time he filed this section 1983 action. Under the authority of 42 U.S.C. § 1997e(a), *Booth v. Churner*, and *Johnson v. Jones*, the Court finds that this claim must be dismissed for lack of proper exhaustion.

## Conclusion

For reasons set forth herein, **IT IS ORDERED** that Defendants' motion for summary judgment (Pleading No. 31) is **GRANTED** in full. **IT IS FURTHER ORDERED** that

-11-

Plaintiff's motions wherein he seeks discovery or an order compelling discovery (Pleading Nos. 21, 23, and 28) and motion for an "Order to Show Cause for a Preliminary Injunction" (Pleading No. 47) are **DENIED**.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: September 14, 2007